FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 09 2012

Stephan Harris, Clerk
Cheyenne

Frederick J. Harrison
*Frederick J. Harrison, PC*
715 West Pine Street
P.O. Box 1066
Rawlins, Wyoming 82301-1066
(307) 324-6639
Fax (307) 324-4444

ATTORNEY FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MELVIN L. MATHIS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HUFF & PUFF TRUCKING, INC., )<br>a Tennessee Corporation, and )<br>DONALD STEWART, )<br>)<br>Defendants. ) | **1 2 C V 0 2 9** *F*<br><br>CIVIL NO. _____ |

## COMPLAINT

The Plaintiff, for his Complaint against the Defendants, and each of them, alleges as follows:

### JURISDICTION AND VENUE STATEMENT

1. Plaintiff Melvin L. Mathis, (hereinafter "Mr. Mathis") is a citizen of the State of Wyoming.

3. Defendant Donald Stewart, (hereinafter "defendant Stewart" or "Stewart") is a

1

citizen of the State of Tennessee.

4. Defendant Huff & Puff Trucking, Inc., (hereinafter "Defendant Huff & Puff") is a corporation incorporated in the State of Tennessee with its principal place of business also in the State of Tennessee.

5. At all times pertinent to this case, Defendant Huff & Puff was the employer of Defendant Stewart, and Stewart was acting within the scope of his employment.

6. There exist complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332 (a).

8. The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the district of Wyoming, and venue is proper in this Court pursuant to 28 U.S.C. 1391 (a).

## FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiffs reincorporate the allegations contained in paragraphs 1-8 as though fully set forth herein.

10. On or about February 18, 2008, defendant Stewart was operating a 2001 International Conventional tractor trailer combination owned by his employer, Defendant Huff & Puff, in a westerly direction on Interstate 80, west of Rawlins, in Sweetwater County, Wyoming.

11.     Mr. Mathis was also traveling west on Interstate 80 as the driver of a 1998 Ford F-800 tow truck owned by his employer, Wamsutter Conoco Service.

12.     Road conditions were blowing snow and ice during daylight/dusk hours at about 5:00 PM.

13.     Defendant Stewart was traveling in the passing lane at a speed he later estimated to be in excess of 65 miles per hour.

14.     Mr. Mathis was traveling at about 40 miles per hour also in the left passing westbound lane of I 80 while passing 4-5 slower moving tractor-trailer combinations.

15.     Suddenly, without slowing or warning, the defendant Huff & Puff semi-tractor trailer combination violently collided with the rear of the tow truck being driven by Mr. Mathis.

## SECOND CAUSE OF ACTION
### Defendants' Negligence

16.     Plaintiffs reincorporate and re-allege the allegations contained in paragraphs 1-15 as though fully set forth herein.

17.     Defendant Stewart was negligent by reason of the following acts, errors or omissions:

    (a)     Driving the Defendant Huff & Puff semi-tractor trailer combination at a speed greater than was reasonable and prudent under the conditions and having no regard to the actual and potential hazards then existing;

   (b) Failing to keep proper lookout for others using the highway during extremely bad weather conditions;

   (b) Not paying attention;

   (c) Failing to keep his tractor and trailer combination under proper control at all times;

   (d) Failing to take proper action to avoid other vehicles lawfully using the road; and

   (e) Otherwise disregarding the safety of property and other human beings using the highway.

18. As a direct and proximate result of the negligence of the defendants, and each of them as set forth herein, the defendant Huff & Puff 18 wheel semi-tractor-trailer combination operated by defendant Stewart, violently and needlessly collided with the tow truck being lawfully and reasonably driven by Mr. Mathis.

19. As a direct and proximate result of the negligence of Defendants, Mr. Mathis has suffered general and special damages in a present sum sufficient to give this Court jurisdiction, and which sum continues to increase.

## DAMAGES

23. As a direct and proximate consequence of the defendants conduct, and each of them, Mr. Mathis has suffered and continues to suffer from the following injuries for which he is entitled to collect compensation from defendants, and each of them:

  a. loss of income, past and future;
  b. reduced capacity to earn;
  c. pain and suffering, past;
  d. pain and suffering, future;
  e. embarrassment;
  f. humiliation;

g. mental anguish, past;

h. mental anguish, future;

i. loss of the enjoyment of life, past;

j. loss of the enjoyment of life, future;

k. compensation for any past medical care;

l. compensation for future surgery and/or medical care; and

m. any other losses or damages as may be proven or shown.

WHEREFORE, Plaintiff pray that this Court enter judgment against the Defendants and each of them, for damages previously pled herein, costs of this action, and for such other and further relief as the Court deems proper in the premises.

RESPECTFULLY SUBMITTED this ___8___ day of February, 2012.

*Attorney for the Mr. Mathis*

By: _____
Frederick J. Harrison #5-1586
*Frederick J. Harrison, PC*
715 West Pine Street
P.O. Box 1066
Rawlins, Wyoming 82301-1066
(307) 324-6639
Fax (307) 324-4444

5